**UNITED STATES of America**

v.

**ONE CHIEF 1722 OFFSET PRESS, together with all attachments, appliances, accessories, and appurtenances thereto.**

**Misc. Civ. No. 54–44–A.**

United States District Court,
D. Massachusetts.

March 8, 1955.

William J. Koen, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Christopher A. Iannella, Boston, Mass., Alfred G. Malagodi, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is an action for forfeiture of an offset printing press under 18 U.S.C.A. § 492. In connection with plaintiff's motion for summary judgment the following undisputed facts appear. One Libby, claimant herein, owner of the press, was convicted on his plea of guilty of violation of 18 U.S.C.A. § 471 et seq. The counterfeit ten dollar bills that Libby uttered he printed during his off hours. With the illegal plates this press, in a broad sense, was an "apparatus used * * * in the making of such counterfeits" within the provisions of the statute. In defense of this the claimant makes the single point that the statute relates only to the illegal apparatus, the plates, and not to the entire press, which, without the plates, I find to be a legitimate article of commerce.

■ I approach this problem realizing that a provision for forfeiture is to be strictly construed. It is true that the statute does not refer specifically to presses, although those are the most common mechanical contrivances used for the manufacture of counterfeit money. The government points out that the words "material or apparatus" are broad enough to include presses.

■ It seems to me that the solution of this question is to be determined by regarding the statute as a whole, and ascertaining, if possible, its apparent purpose. Is it a remedial statute, for the purpose of enabling the government to possess itself of illegal articles, so as to destroy them, or is it also a punitive statute, intended to "punish" the material object by which the crime was effected, and hence its owner? That Congress sometimes has the latter purpose is evident from 49 U.S.C.A. § 782 declaring forfeit automobiles and other vehicles used for the unlawful transportation of contraband.

■ The first paragraph of § 492 standing by itself does not resolve this question, but the third paragraph, which permits an innocent claimant to petition for remission of the forfeiture, shows that the purview of the statute must encompass more than articles illegal per se. Examining the statute with this in mind, it seems to me it is clear that the entire press is subject to condemnation, and not simply the illegal plates.

The plaintiff's motion for summary judgment is granted. Counsel to submit a form of decree.