**UNITED STATES of America**

v.

**ONE ELECTRONIC POINTMAKER.**

**No. 1.**

United States District Court
N. D. Indiana, Hammond Division.
March 29, 1957.

Phil M. McNagny, U. S. Atty., Fort Wayne, Ind., for plaintiff.

Lloyd W. Littell, Lafayette, Ind., for defendant.

PARKINSON, District Judge.

This is an action founded upon a Libel of Information seeking the forfeiture to the United States of One Electronic Pointmaker, Serial Number X550303, Joker Model, Code Number 221–8791, under the provisions of 15 U.S.C.A. § 1177 which had been seized within the jurisdiction of this court and is now in the custody of the Marshal, wherein the owner thereof has filed an answer admitting all of the allegations of the Libel except that the machine in controversy is a gambling device, which he denies, and prays for its return to him.

The cause was tried to the court on the sole issue as to whether the machine is a gambling device within the meaning of 15 U.S.C.A. § 1171, and it is the cause on the merits which now solicits the decision of this court.

The machine was before the court during the entire trial and the court observed, examined and inspected it and watched it operate with the back removed and its entire mechanism open to view. If this court were required to decide the issue on parol testimony alone determination would be fraught with difficulty but with the machine before the court during the trial and the court being thus afforded full opportunity to examine the machine and observe it both when inactivated and in operation with the back removed and its entire mechanism open to veiw, decision of the issue presented is quite facile.

It is elemental, for which the citation of authorities would be superfluous, that penal statutes must be strictly construed and that a forfeiture should be enforced only when within both the letter and the spirit of the law. There is no question that the machine in suit is a gambling device within the broad general definition of that term, but the issue is whether it is a gambling device subject to seizure and forfeiture as defined by 15 U.S.C.A. § 1171.

It is not a machine or mechanical device designed and manufactured to operate by means of insertion of a coin, token, or similar object and designed and manufactured so that when operated it may deliver, as the result of the application of an element of chance, any money or property. It has not been changed nor altered in any manner whatsoever since its manufacture. It was before the court just as it was designed and manufactured and it cannot be operated by means of insertion of a coin, token or any object, similar or otherwise, and cannot deliver any money or property whatsoever. Therefore, it does not even come within the spirit much less the letter of 15 U.S.C.A. § 1171(a) (2).

It is not a subassembly or essential part intended to be used in connection with any machine or mechanical device as defined in 15 U.S.C.A. § 1171(a) (1) and (2) because it is the machine or mechanical device itself the forfeiture of which is sought and, therefore, 15 U.S.C.A. § 1171(a) (3) has no application whatsoever.

It is a machine or mechanical device by the operation of which a person may become entitled to receive, as the result of the application of an element of chance, money or property, but is it a so-called "slot machine" or a machine or mechanical device an essential part of which is a drum or reel with insignia thereon, which it must be before it is a gambling device under 15 U.S.C.A. § 1171·(a).

When we follow the sound reasoning of Judge Swaim in the case of United States v. Korpan, 7 Cir., 1956, 237 F.2d 676, 677, we immediately realize that it is not a so-called slot machine and, therefore, the only question is: Is it a machine or mechanical device an essential part of which is a drum or reel with insignia thereon?

■ A drum, as the word is used in the statute, means something resembling a drum as a cylindrical box, tube, case or the like. There is absolutely no drum in, or on, or a part of the machine in question.

■ A reel is a revolving device on which something, such as yarn, thread, wire, film or the like, may be wound. There is absolutely no reel in, or on, or a part of the machine in question.

An essential part of the machine are three cams about 1/16 of an inch thick, and about 6 inches in diameter which, when the machine is activated by pressing a button and pulling a lever, rotate on a shaft with riders riding the edges of the cams and as the riders are raised and lowered by the high and low places on the edges of the cams they cause electrical contact to be made with lights causing them to flash on and off behind insignia on the plastic window on the front of the machine. There is no insignia whatsoever on any of the moving parts of the machine and there is no drum or reel with insignia thereon whatsoever which is a part of the machine, essential or otherwise.

■ The Johnson Act, being penal in character, must be strictly construed and although the machine in suit might be a gambling device within the spirit of 15 U.S.C.A. § 1171 it most assuredly is not a gambling device within the letter thereof and its forfeiture cannot be enforced.

Libelant has cited and relies upon the case of United States v. Ansani, 7 Cir., 1957, 240 F.2d 216, holding that one cannot accomplish by indirection that which cannot be accomplished directly. In this doctrine and rule of law we wholeheartedly concur, but there the court was dealing with a so-called trade booster which was a subassembly or essential part of a slot machine which was designed and manufactured as such and thereafter changed and altered so that its operation could not be started by dropping a coin or token or other similar object in a slot. Here we have a machine or mechanical device as designed and manufactured. Its operation cannot be started by dropping a coin or token or other similar object in a slot because there is no slot and no way by which a coin, token or other object can be inserted and it is not a subassembly or essential part of any other machine or mechanical device and is not a machine or mechanical device an essential part of which is a drum or real with insignia thereon. It just is without the terms of the Johnson Act and if such a machine or mechanical device is to be included within that Act and is to be made subject thereto such is a legislative and not a judicial function.

■ Courts cannot and must not legislate. That is a perogative reserved solely to Congress under our Constitution and if the machine in suit is to be designated as a gambling device and subject to 15 U.S.C.A. § 1171 et seq., Congress will have to enact appropriate legislation to clearly bring it within the terms thereof.

Therefore, the court having considered all of the evidence, including the examination and observation of the machine in suit as demonstrated in open court during the trial, the arguments of counsel, and the law applicable thereto, does now make the following

### Findings of Fact

**1.**

This court has jurisdiction of the res, the parties to and the subject matter of this action.

**2.**

The Electronic Pointmaker, Serial Number X550303, Joker Model, Code Number 221–8791, was seized and taken from the Claimant, who is the owner thereof, and is now in the custody of the United States Marshal for the Northern District of Indiana.

**3.**

Said Electronic Pointmaker was designed and manufactured as and is an electrically controlled and operated machine which is activated by the player thereof, after the switch is opened by the one in charge, by pressing a contact button and pulling a lever which places in motion a revolving shaft on which are three cams about 6 inches in diameter and about 1/16 of an inch thick on the edges of which cams are riders which ride the edge of the cams as they rotate and electrically cause lights to flash on and off behind insignia on a plastic window in the front of the machine visible to the player and when the cams come to rest the lights remain on behind the insignia indicating a combination which causes a counter in the front of the machine to add or subtract according to the combination of insignia remaining lighted.

**4.**

Said Electronic Pointmaker is not a machine or mechanical device the operation of which is started by dropping a coin, token, or similar object in a slot.

**5.**

Said Electronic Pointmaker is not a machine or mechanical device designed and manufactured to operate by means of insertion of a coin, token, or similar object nor was it designed and manufactured so that when operated it may deliver, as the result of the application of an element of chance, any money or property.

**6.**

Said Electronic Pointmaker is not a slot machine and was not designed and manufactured as a slot machine.

**7.**

Said Electronic Pointmaker has not been changed nor altered in any manner since its manufacture.

**8.**

Said Electronic Pointmaker is not a subassembly or essential part intended to be used in connection with any other machine or mechanical device of any kind whatsoever.

**9.**

Said Electronic Pointmaker has no drum or reel in, or on, or as any part thereof.

**10.**

Said Electronic Pointmaker has no drum or reel with insignia thereon, in, or on, or as any part thereof.

**11.**

Said Electronic Pointmaker is not a machine or mechanical device an essential part of which is a drum or reel with insignia thereon.

**12.**

Said Electronic Pointmaker is not a so-called "slot machine" nor any other machine or mechanical device an essential part of which is a drum or reel with insignia thereon.

Upon the foregoing findings of fact, the court states the following

### Conclusions of Law

**1.**

This court has jurisdiction of the res, the parties to and the subject matter of this action.

**2.**

The Electronic Pointmaker, Serial Number X550303, Joker Model, Code Number 221–8791, is not a gambling device as defined by 15 U.S.C.A. § 1171.

3.

Said Electronic Pointmaker is not a gambling device subject to the provision of 15 U.S.C.A. § 1177.

4.

Said Electronic Pointmaker is not subject to seizure, forfeiture and condemnation by the Libelant.

5.

Claimant is the owner of said Electronic Pointmaker and entitled to the return thereof to him.

6.

Claimant is entitled to a judgment that he is the owner of the Electronic Pointmaker, Serial Number X550303, Joker Model, Code Number 221–8791, and for its return to him.

The Clerk will enter judgment accordingly.