**UNITED STATES of America,
Libelant-Appellee,**

v.

**FIVE GAMBLING DEVICES, alias "Circus" Machines, Al Cross and Harold Brown, d/b/a United Distributing Company, Respondents-Appellants.**

**No. 12136.**

United States Court of Appeals
Seventh Circuit.

Feb. 18, 1958.

Ray M. Foreman, Danville, Ill. (Edward G. Krantz, Chicago, Ill., on the brief), for respondents-appellants.

C. M. Raemer, U. S. Atty., E. St. Louis, Ill., Charles R. Young, Asst. U. S. Atty., Danville, Ill., for appellee.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

HASTINGS, Circuit judge.

This is an appeal from an order of the district court condemning as forfeited to the United States five "Circus" machines pursuant to 15 U.S.C.A. § 1177, on the ground that they were gambling devices within the meaning of 15 U.S.C. A. § 1171, which had been transported in interstate commerce in violation of 15 U.S.C.A. § 1172.

The action below was a libel of information filed by the United States (libelant-appellee) against Five Gambling Devices, alias "Circus" machines, and the owners thereof (respondents-appellants). The cause was tried to the court. The parties agreed that the machines were the property of appellants and were transported in interstate commerce.

The one issue contested in the trial below and presented on this appeal is whether the five machines in controversy are gambling devices within the meaning of Section 1171(a) (1) of the Johnson Act, Title 15 U.S.C.A. which reads as follows:

"(a) The term 'gambling device' means—

"(1) Any so-called 'slot machine' or any other machine or mechanical device *an essential part of which is a drum or reel with insignia thereon,* and (A) which when operated may deliver, as the result of the application of an element of chance, any money or property, or (B) by the operation of which a person may become entitled to receive, as the result of the application of an element of chance, any money or property; or * * *." (Our emphasis.)

The machine is encased in a conventional box with a slanting glass face on the upper front part, on which are shown various combinations of animals with numbers indicating the number of free plays for each winning combination. On the lower part of the glass face are 15 rectangles, in each of which is an animal character, either an elephant, lion, hippopotamus, cat or monkey. Below this is a metal knob the turning of which activates the machine. The machine may be adapted to operate by insertion of a coin or by remote control. In the upper right corner, inset behind the glass face, is a meter which indicates through a clear opening, the total number of free plays accumulated to the credit of the operator at any time during the play. There is no slot or receptacle for the delivery of the money or property. When play is started lights flicker behind the figures of the various animals in the rectangles, finally stopping and illuminating one figure in each of the three columns. If the illuminated figures form a winning combination, additional games for replay are scored on the meter.

The interior of the box holds the electrical mechanism designed to operate the device. The lights are controlled by disc-type rotary switches propelled by an electric motor which turns a shaft on which the rotary discs are mounted. As each disc rotates it makes contact with a stationary disc containing several buttons which are connected by wires to individual light bulbs. Each time a disc contacts a button a particular animal character on the front glass plate is illuminated. Other parts of the electrical mechanism control the rest of the operation of the machine. After the player turns the knob to start the play the entire operation of the machine is electrically driven and the player has no control over the resulting winning combinations and no skill is involved.

It is conceded by the government in oral argument that the question of whether or not the machines are coin operated is of no consequence in this appeal. Likewise, it is quite apparent that the person who operates the machine may become entitled to receive money or property as the result of the application of chance. Cf. United States v. Korpan, 1957, 354 U.S. 271, 77 S.Ct. 1099, 1 L.Ed.2d 1337. The issue under consideration here is, therefore, narrowly limited to whether or not we have a machine "an essential part of which is *a drum or reel with insignia thereon.*" (Our emphasis.)

This device has no drums or reels and the only insignia are the animal characters on the glass front face. In this connection, the court below stated in its finding No. 9 "[t]hat the disc-type rotary switches propelled by a motor with the insignia on the glass panels of the 'Circus' machines are identical in operation and purpose to the reels and drums of mechanical slot machines." The court further stated in its finding No. 11 that "in principle the operation of the 'Circus' machine and the slot machine and the so-called 'one armed bandit' are identical; that the 'Circus' machines have discs which are mounted on a shaft; that the left disc stops first, then the middle disc, and then the disc on the right, like the reels on a slot machine; that instead of rotating drums on which appear the familiar fruit and bell insignia, the rotating discs in a 'Circus' machine make electrical contact as they revolve, illuminating the animals that are printed on the glass panel; that both are entirely dependent on the element of chance."

Among the conclusions of law stated by the trial court are the following:

"3. That said gambling devices, alias 'Circus' machines, contain reels and a band or wiper which are similar in effect to the drums in a mechanical slot machine and which are a mere subterfuge to avoid the definitions contained in Section 1171, Title 15 United States Code."

"4. That the five gambling devices, alias 'Circus' machines, are gambling devices and are either so-called slot machines or mechanical

devices, an essential part of which are drums or reels with insignia thereon and by the operation of which a person may become entitled to receive money or property."

We have carefully examined the entire record in this cause and have witnessed a demonstration of one of the "Circus" machines in oral argument. With regret we must conclude that the evidence in this record is not sufficient to sustain the critical Findings of Facts Nos. 9 and 11, and that the trial court erred in holding that the five machines in question are gambling devices within the meaning of 15 U.S.C.A. § 1171(a) (1).

The government contends that the rotary metal discs are drums or reels. However, this does not conform to the definitions so clearly set out in United States v. One Electronic Pointmaker, D. C.1957, 149 F.Supp. 427, 429, which we think are clear and choose to accept herein. As that opinion points out "[t]he Johnson Act, being penal in character, must be strictly construed * * *."

The legislative history of the Johnson Act clearly shows that the bill in its original form as introduced in the Senate would have covered these machines. The Senate Bill set forth the following definition of a gambling device:

"[A]ny machine or mechanical device or parts thereof, designed or adapted for gambling or any use by which the user as a result of the application of any element of chance may become entitled to receive, directly or indirectly, anything of value." See U. S. Code Congressional Service, 81st Congress, Second Session, Legislative History, Page 4245.

However, it was revised in the House and enacted in its present form.

In a recent decision, the Court of Appeals for the Ninth Circuit, reviewed this section of the Johnson Act, along with its legislative history, and held that Congress had so particularized the definition of a forfeitable machine that it would not be proper to go outside that definition to declare a forfeiture. Hannifin v. United States, 9 Cir., 248 F.2d 173, 175–177 (September 3, 1957). We feel compelled to agree. That court restated its holding that " 'A statute whereby a man may be deprived of his personal property by way of a punishment should be construed with strictness; hence those who assume authority to take possession of such property should have clear warrant for [this] action.' United States v. Loomis, 9 Cir., 297 F. 359, 360, 361; Ghisolfo v. United States, 9 Cir., 14 F.2d 389, 390."

It is not enough to say that the rotary disc switches "are identical in operation and purpose to the reels and drums of mechanical slot machines" or that "in principle" the operation of the "Circus" machine and a slot machine are "identical." To do so would be to write into the definition in the Johnson Act something that is not there and which Congress, after consideration, refused to do.

The court below, in its memorandum opinion (D.C., 153 F.Supp. 561) refers to and quotes from the U. S. Code Congressional Service in sustaining its position as to what the Congress intended to do. The narrow definition as found in the final enactment contradicts this interpretation. We must take the statute as we find it.

We hold, therefore, that the district court erred in its decree of forfeiture for the reasons hereinbefore set out, and the judgment below is

Reversed.