JOHN BACALL IMPORTS, LTD.,
Appellee,

v.

UNITED STATES of America,
Appellant.

UNITED STATES of America,
Appellant,

v.

42 WOODEN SHIPPING BOXES OF TEXTILE FABRICS, etc.,
Appellee.

Nos. 23037, 23038.

United States Court of Appeals
Ninth Circuit.

June 20, 1969.

Rehearing Denied Aug. 1, 1969.

Larry L. Dier (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Asst. U. S. Atty., Chief, Civil Div., Los Angeles, Cal., for appellant.

Herman F. Selvin (argued), Kaplan, Livingston, Goodwin, Berkowitz & Selvin, Beverly Hills, Cal., of counsel, for appellee.

Before BARNES and CARTER, Circuit Judges, and KILKENNY,* District Judge.

JAMES M. CARTER, Circuit Judge:

Two actions were begun in the district court; No. 23,037 by John Bacall Imports, Ltd. (hereafter Bacall Ltd.), the owner of certain merchandise, to obtain its return following a custom seizure and No. 22,038 by the United States to forfeit, pursuant to 19 U.S.C. § 1592, the merchandise which had been seized. The actions were consolidated for trial and a joint judgment entered; in No. 23,037 declaring the merchandise to have been illegally seized and ordering it returned to the owner; and in No. 23,038 declaring the merchandise to have been illegally seized and denying relief to the United States by way of forfeiture. This consolidated appeal followed.

We decide two questions:

(1) Was there an illegal search and seizure by Customs agents?

(2) If the search and seizure was illegal, should the merchandise have immunity from forfeiture if the Government can otherwise prove, absent the use of any evidence obtained through such search and seizure, that the merchandise was subject to forfeiture under 19 U.S.C. § 1592?

Following an investigation and the sampling of certain boxes of fabrics, part of Entries No. 66 and 67, and prior to the release of the merchandise from Customs, agents on November 4, 1966, went to the Bacall Ltd. warehouse and posted stickers on certain of the material therein that "United States Custom seals must not be removed, compartment or package opened, or goods removed except in the presence of a United States Customs Officer * * *"

The Customs agents had previously been advised by John Bacall, the one man owner of Bacall Ltd., that he had no inventory except that which came in under Entries No. 66 and 67. At the warehouse, Bacall's girl friend, the only person present, told them that not all the fabrics belonged to Bacall. They were unable to identify the fabrics from Entries No. 66 and 67 because of the large quantity of the materials. Accordingly the agents wrote on legal sized papers the following:

"Notice

All merchandise consigned to John Bacall Imports, Ltd. is under seizure by the U.S. Customs. This merchandise must not be removed or tampered with."

It subsequently developed that the warehouse also contained imports from

* Hon. John F. Kilkenny, United States District Judge, District of Oregon, sitting by designation.

Entries No. 63, 64 and 65 which imports were not in question in this proceeding.

On November 10, 1966, Customs agents, without a search warrant, returned, found the warehouse locked, broke in and carried away all the fabrics in the warehouse.

Subsequently No. 22,037 and the forfeiture proceeding, No. 22,038, were instigated and the warrant for arrest of the merchandise was issued and delivered to the U. S. Marshal. He served the warrant on Customs. The merchandise was at the time of trial, and is now, in the constructive possession of the U. S. Marhal.

■ We affirm that part of the judgment in Nos. 23,037 and 23,038 as to the illegality of the search and seizure on the basis of the events of November 10, 1966. We express no opinion as to whether Customs agents may make a valid seizure by the posting of notice as shown by their actions on November 4, 1966.

■ In No. 23,037 we reverse, for the reason shown below, that part of the judgment requiring a return of all the merchandise to Bacall Ltd.

We come now to No. 23,038. The Government prior to the seizure had evidence available for use under 19 U.S.C. § 1592. Samples had been taken and tested from various of the boxes of fabrics. Prior to trial, the government developed other evidence having no connection with, or relation to, the search and seizure. It was developed by both a domestic and foreign investigation. It showed generally that in many cases John Bacall instructed his foreign suppliers to furnish separate invoices covering different costs in the processing of the raw materials. Bacall submitted only one of the invoices to Customs, thus understating the cost of the merchandise. In other cases, the description in the invoice was incorrect and Bacall knew it to be so.

There was also proof developed that Bacall paid substantially more for the merchandise than was reflected on the submitted invoices. His income tax return for the year involving Entries No. 66 and 67 showed his cost for the merchandise to be $230,000 whereas the amount declared to Customs was only $50,000.

None of this evidence recited generally above was in any way the fruit of the search and seizure. Moreover this evidence was in no way connected with or related to such search and seizure.

Bacall Ltd. contends that *none* of the merchandise seized is subject to forfeiture by the United States because of the illegal search and seizure. This contention would immunize from forfeiture because of an illegal search and seizure, goods illegally imported into the United States, even though the government had proof independent of the search and seizure, supporting the forfeiture. This is not the law.

One 1958 Plymouth Sedan v. Com. of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965) followed Boyd v. United States, 116 U.S. 616, 68 S.Ct. 524, 29 L.Ed. 746 (1886) which held that evidence *obtained* in violation of the Fourth Amendment might not be relied upon to support a forfeiture. *One 1958 Plymouth,* supra, then held that the rule was applicable to the states. The case had nothing to do with evidence unconnected with the alleged search and seizure. Berkowitz v. United States, 340 F.2d 168, 8 A.L.R.3d 463 (1 Cir. 1965) is not contrary.

The mere fact of the illegal seizure, standing alone, does not immunize the goods from forfeiture. Dodge v. United States, 272 U.S. 530, 47 S.Ct. 191, 71 L. Ed. 392 (1926); United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279 (1926). Nor is the validity of these cases destroyed by *One 1958 Plymouth,* supra. In that case in Note 7 (380 U.S. at 700, 85 S.Ct. at 1250), the Court in referring to the same cases said, "The question involved in both of these cases was not the introduction of evidence seized in violation of the Constitution * * *."

Accordingly in No. 23,038 that portion of the judgment holding the search and

seizure illegal is affirmed. That portion of the judgment denying the complaint of the United States for forfeiture of the goods is reversed. The two cases are remanded to the district court for further proceedings in the light of this opinion. The district court will determine on evidence, independent of and not connected with the search and seizure, what merchandise should be forfeited pursuant to 19 U.S.C. § 1592.

There has been a co-mingling of the goods from Entries No. 66 and 67, with other goods from prior entries not contested herein. This problem we leave to the district court, together with consideration of 19 U.S.C. § 1615, dealing with the burden of proof.

Affirmed in part; reversed in part; remanded with instructions.