**UNITED STATES of America,**
**Plaintiff,**

v.

**NEPHRITE JADE, imported through the mails from Alfred Franzmann & Sohne, Idar-Oberstein, West Germany, to Paul Hanson Co., Jackson Hole, Wyoming, seized at Kansas City, Missouri, on February 2, 1968, Defendant.**

**Civ. A. No. 18311-3.**

United States District Court,
W. D. Missouri, W. D.
Nov. 2, 1970.

Charles E. French, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

W. Anthony Feiock, for Morrison, Hecker, Cozad, Morrison & Curtis, Kansas City, Mo., for claimant Paul Hanson Co.

## FINAL JUDGMENT FORFEITING SEIZED ARTICLES TO UNITED STATES OF AMERICA

WILLIAM H. BECKER, Chief Judge.

This is an action under Section 1592 of Title 19, United States Code, for the forfeiture of certain quantities of nephrite jade, the importation of which is prohibited by 31 C.F.R. § 500.204(2). In its amended complaint filed herein on June 29, 1970, plaintiff sought forfeiture of the quantities of nephrite jade seized by it on February 2, 1968, under the provisions of Sections 1592 and 1610, Title 19, United States Code, stating that "the total domestic value of the seized articles has been appraised at $4,492.00." Section 1592 of Title 19, U.S.C., provides for the forfeiture of items fraudulently imported into the United States. Section 1610 of the same title provides that if the value of the items is in excess of $2,500, "the collector shall transmit a report of the case, with the names of available witnesses, to the United States attorney for the district in which the seizure was made for the institution of the proper proceedings for the condemnation of such property."

On August 4, 1970, plaintiff filed herein its proof of publication of notice of this action on May 11, 1970, in the *Daily Record,* and stated that a copy of the amended complaint filed herein on June 29, 1970, together with a copy of the public notice published in the *Daily Record,* was forwarded by certified letter to Paul Hanson Company ("Paul Hanson Co." sometimes.) Thereafter, on August 17, 1970, Paul Hanson Company was granted leave to file its claim out of time and did so on the same date, stating that "it was at the time of the filing of the complaint herein and still is the importer and consignee of and owner of a contract to purchase said articles and is entitled to the possession thereof." In its answer subsequently filed on August 24, 1970, Paul Hanson Company alleged "that the defendant

articles are grossularite and are not nephrite jade, and, therefore, that their importation was legal and not in violation of § 1592, Title 19, U.S.Code or the Foreign Assets Control Regulations, 31 CFR 500.204 and that their seizure was unlawful."

Subsequently, by a "stipulation" filed herein on October 28, 1970, signed by counsel for the United States and Paul Hanson Company, the following stipulations and agreements were made:

"1.  That if John W. Cary, an Import Specialist, Bureau of Customs, were called as a witness in this matter and duly sworn, he would testify that, on February 2, 1968, at Kansas City, Missouri, he seized the following parcels imported through the mails from Alfred Franzmann & Sohne, Idar-Oberstein, West Germany, and addressed to Paul Hanson Co., P. O. Box 9, Jackson Hole, Wyoming, invoiced as follows:

Parcel R–226f:  380 pcs spheres Wyoming greenstones
F–2  7¼—7½ mm. undr.
v.6.12
3249  474 pces spheres hematites 6 mm. undr.
3118  53 pcs spheres hematites 7¼—7½ mm. halfdr.
Parcel R–326f:  570 pcs spheres afr. Grossularite
Cable 20.8  7¼—7½ mm. halfdr.
Parcel R–426f:  571 pcs spheres afr. Grossularite
2834 7¼—7½ mm.
Parcel R–133f:  85 pcs cabochons afr. Grossularite
15 mm. x 7 mm.
82 pcs cabochons afr. Grossularite 7 mm. ½ rd.
83 pcs cabochons afr. Grossularite 16 mm. x 12 mm.
Parcel R–136f:  56 diverse Wyoming greenst. cabs
BC I & II
Parcel R–567f:  375 pces spheres afr. Grossularite
2834  7¼—7½ mm. halfdr.

Parcel R–906f:
10.8  11 pcs fac. hematites 18 x 13 mm. ov
20.8  306 pces spheres afr. Grossularite
7 mm. undr.

"Further, he would testify that he submitted samples of each of the articles contained in the afore-mentioned parcels to the Chief Chemist of the United States Customs Laboratory, Chicago, Illinois, in order that such samples analyzed to determine whether such samples were composed of nephrite jade.

"2.  That if F. K. Ballard, Chief Chemist of the United States Customs Laboratory, Chicago, Illinois, were called as a witness in this matter and duly sworn, he would testify that he received from Customs authorities in Kansas City, Missouri the samples referred to in Paragraph 1 above. He would further testify that chemical tests made on such samples indicated that each of the samples were composed of nephrite jade.

"3.  That the contents of the parcels referred to in Paragraph 1 are nephrite jade and subject to the Foreign Assets Control Regulations 31 CFR 500.204 and are not grossularite, as invoiced. Further, the contents of the parcels referred to in Paragraph 1 hereof are jade stones, cut but not set, suitable for jewelry, the importation of which was prohibited by 31 CFR 500.204(2).

"4.  That neither party to the present stipulation desires to adduce additional evidence for consideration by the court."

Additionally, the Court notes that Paul Hanson Company did not deny in its answer the Government's allegation of the value of the articles at $4,492.00.  Further, Paul Hanson Company has disclaimed any further interest in the articles, which are now admitted to be nephrite jade rather than grossularite, as formerly contended.

It therefore appears that forfeiture of the seized articles listed in paragraph 1 of the stipulation filed on October 28, 1970, (which is the same as that in plaintiff's amended complaint) to the United States of America under § 1592, *supra,* is proper. It has been stipulated, and plaintiff has stated in its amended complaint, that the articles are not grossularite, but nephrite jade. It further appears that the items were therefore falsely invoiced as grossularite.

 It has been held that, although Section 1592, *supra,* states that merchandise imported by means of "fraudulent or false invoice" shall be subject to forfeiture, the clear meaning is that only fraudulently imported merchandise is so subject. Jen Dao Chen v. United States (C.A.9) 385 F.2d 939; cf. 230 Boxes More or Less of Fish v. United States (C.A.6) 168 F.2d 361, 365; John Bacall Imports, Ltd. v. United States (C.A.9) 412 F.2d 586, modifying (C.D.Cal.) 287 F.Supp. 916. The false invoice, however, may be considered as evidence of fraudulent intent. See United States v. One Bag of Crushed Wheat (S.D.N.Y.) 166 F. 562, 563, wherein it was held under the predecessor to § 1592, that the manner in which the goods were packed and the manner in which the invoice was made up could show a fraudulent purpose. Paul Hanson Company has stipulated facts pointing to the false making of the invoice and has expressly abandoned its position that it has any interest in the goods seized at all. Further, with respect to any other possible claimant, judgment of forfeiture may be entered because of failure to file a claim in writing with the Clerk of this Court within 10 days of the service by publication (or within such additional time as may be allowed by the Court) or to file or serve an answer within 20 days after the filing of the claim, as required by Rule C(6) of the Supplemental Rules of Civil Procedure.[1]

For the foregoing reasons, it is

Adjudged and decreed that the articles listed in paragraph 4 of plaintiff's amended complaint and in paragraph 1 of the stipulation filed herein on October 28, 1970, be, and they are hereby, forfeited to the United States of America, and that the articles be delivered by their present custodian to the District Director of Customs, St. Louis, Missouri, for disposition according to law.

---

1. As noted above, the claim filed by Paul Hanson Company raised the issue of legality of the search. Even assuming without holding the truth of the contention, however, it has been held that an illegal seizure does not preclude the forfeiture of property. See Anno., 8 A.L.R. 3d 473, 475; John Bacall Imports, Ltd. v. United States (C.A. 9) 412 F.2d 586. Further, no evidence is offered to prove that there was in fact an illegal search or illegal seizure.