Fred J. MAYO, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 74–251–E.

United States District Court,
E. D. Illinois.

May 10, 1976.

Fred J. Mayo, pro se.

Henry A. Schwarz, U. S. Atty., East St. Louis, Ill., for defendant.

### ORDER

FOREMAN, District Judge:

■ Plaintiff seeks return of a printing press and other personal property illegally seized by agents of the Federal Bureau of Investigation on or about August 12, 1972, in Jonesboro, Illinois. In the alternative, plaintiff seeks monetary damages to the extent of the value of the property. At plaintiff's trial on various criminal charges in the Federal District Court for the Southern District of Indiana, Indianapolis Division, the said property was held to be inadmissible as evidence, being the product of an illegal search and seizure. Plaintiff was convicted of the offense of interstate transportation of forged securities in violation of 18 U.S.C. § 2314, and is presently serving his sentence at the U. S. Penitentiary in Atlanta, Georgia. Plaintiff has incorrectly framed his cause of action as that of replevin. The proper form is for a return of property illegally seized, pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, and the Court will treat it as if so pled.

■ The defendant filed a Motion to Dismiss on January 20, 1975, followed by a Motion for Summary Judgment on February 13, 1975. Because of the dictates of Rule 12(b) of the Federal Rules of Civil Procedure, because matters have been raised outside of the pleadings, and because the merits of the case have been raised, the Court will construe defendant's Motion as one for Summary Judgment. See Wright and Miller, Federal Practice and Procedure: Civil §§ 1357, 1366, 2713.

The essence of defendant's Motion is that plaintiff was convicted of counterfeiting, that the property seized was used in the counterfeiting operation, and was therefore contraband subject to forfeiture by the United States. Summary judgment is proper only when there is no issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. See Rule 56(c), Federal Rules of Civil Procedure; Wright and Miller, Federal Practice and Procedure: Civil § 2725.

■ A printing press, if used to print counterfeit money, is subject to forfeiture under 18 U.S.C. § 492. See *United States v. One Chief 1722 Offset Press*, 129 F.Supp. 276 (D.Mass.1955). If plaintiff had been convicted of a violation of 18 U.S.C. § 471, et seq., or of 18 U.S.C. §§ 331–333, 335, 336, 642, or 1720, the printing press and the associated property would be subject to forfeiture. However, the only proof of a conviction presented herein was that of the interstate transportation of forged securities in violation of 18 U.S.C. § 2314. Although it appears that plaintiff was con-

victed of four other offenses in the same action, proof of these convictions is not before the Court, and they cannot be considered without illumination as to their nature. The record is therefore devoid of any evidence showing that plaintiff was convicted of an offense for which forfeiture may lie under 18 U.S.C. § 492. Further, the definition of contraband within 49 U.S.C. § 781, cited by defendant, is of no aid. That statute refers to contraband transported in interstate commerce, and the next section, 49 U.S.C. § 782, provides for forfeiture of the vehicle in which the contraband was transported.

■ It is not apparent, without more evidence, that the printing press is clearly contraband. When an object seized is capable of use in a non-prohibited activity, the party seizing the object must file a libel in rem against the object and prove by weight of the evidence that the object was used in a prohibited manner which would subject it to forfeiture. See *United States v. Three Thousand Two Hundred Thirty-Six Dollars*, 167 F.Supp. 495 (D.Alaska 1958). Defendant has presented no evidence to show that the printing press was clearly used to print counterfeit papers, securities, or money.

■ Defendant contends that this determination was made in *Mayo v. United States of America, et al.*, No. IP73–C–581 (S.D.Ind.1974), that the issues raised therein by plaintiff are res judicata, and that they may not be asserted in this action. However, upon an examination of the orders in that proceeding, it is apparent that plaintiff's action was dismissed for improper venue, and for several other procedural defects in his Complaint. Hence, because the issues raised therein have not been adjudicated, the doctrine of res judicata cannot be applied to bar plaintiff from raising his claim before this Court.

■ The mere fact of an illegal seizure does not immunize the property so seized from forfeiture. So long as the requirements for forfeiture are proven by evidence not tainted by the illegal seizure, the contraband property may be forfeited. See *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); *United States v. One (1) Harley-Davidson Motorcycle*, 508 F.2d 351 (9th Cir. 1974). Forfeiture is a divestiture without compensation of property used in a manner contrary to the penal laws of the sovereign, and is regulated by statute. The legislature decides at what time the property is forfeited, usually upon the commission of the offense. See *State of New Jersey v. Moriarity*, 268 F.Supp. 546 (D.N.J.1967). Judicial forfeiture does not occur until a conviction is returned, and the court decrees the forfeiture. However, judicial forfeiture has little acceptance in the United States, and generally the remedy must be via statutory proceedings. See *King v. United States*, 292 F.Supp. 767 (D.Colo.1968). It is settled doctrine that although the title to the property vests in the government at the time of the commission of the offense, the title must be perfected by judicial condemnation. See *United States v. Stowell*, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1889). The statute which authorizes the forfeiture must be construed with strictness, and those who assume the authority to take the property must have a clear warrant for their actions. See *United States v. Five Gambling Devices*, 252 F.2d 210 (7th Cir. 1958). There is no evidence that the printing press has been subject to a decree of forfeiture. Hence, the defendant has not sustained its burden in this regard.

■ Defendant also contends that plaintiff's claim is barred by the two year statute of limitations in the Tort Claims Act, 28 U.S.C. § 2401(b). However, the present action is not one in tort, but is in fact a proceeding under Rule 41(e) of the Federal Rules of Criminal Procedure, and the statute relied on by defendant is not applicable.

■ Lastly, the defendant contends that plaintiff is barred by his failure to follow proper administrative procedure to recover his property. It is true that plaintiff failed to request return of his property from the Secretary of the Treasury or the Attorney General, as required in 18 U.S.C. § 492. However, as noted above, this is not a for-

feiture proceeding under that statute at this stage of the pleadings, but is a claim brought under Rule 41(e) of the Federal Rules of Criminal Procedure, timely filed, and brought in the proper manner.

Hence, because material questions of fact exist, defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED, and defendant is ORDERED to file responsive pleadings within 20 days after receipt of this Order, pursuant to Rule 12(a) of the Federal Rules of Civil Procedure.