516 F.Supp. 720 (1981)
UNITED STATES of America, Plaintiff,
v.
TWO HUNDRED NINETY-SEVEN THOUSAND, TWO HUNDRED THIRTY-FIVE DOLLARS ($297,235.00)
and
Eighty-Eight Thousand, Five Hundred Dollars ($88,500.00), Defendants.
Nos. 81-78C(2), 81-194C(2).
United States District Court, E. D. Missouri, E. D.
June 19, 1981.
Richard L. Poehling, Bruce D. White, Asst. U. S. Attys., St. Louis, Mo., for plaintiff.
Lawrence J. Fleming, St. Louis, Mo., Earl E. Cloud, Huntsville, Ala., for defendants.

MEMORANDUM
NANGLE, District Judge.
These cases are now before the Court for consideration of the Magistrate's review and recommendation. The parties were allowed ten days to object thereto, see 28 U.S.C. § 636(b)(1), and claimant Ronald Boles has done so.
Cause No. 81-194C(2) was brought by Robert B. Quinlan pursuant to Rule 41(e), Federal Rules of Civil Procedure, seeking return of eighty-eight thousand five hundred dollars ($88,500.00)[1] allegedly illegally seized by agents of the Drug Enforcement Administration, and seeking its suppression as evidence in any criminal proceeding. Cause No. 81-78C(2) was brought by the government seeking forfeiture of the above sum, as well as the sum of two hundred ninety-seven thousand two hundred thirtyfive *721 dollars ($297,235.00),[2] pursuant to 21 U.S.C. § 881(a)(6), as money allegedly intended to be used to facilitate an illegal drug transaction. Robert B. Quinlan answered the complaint of forfeiture with respect to the smaller sum, and Ronald Boles did so with respect to the larger sum. Boles also moved pursuant to Rule 41(e) for return and suppression of the larger sum.
These cases were consolidated sua sponte and referred to the Honorable William S. Bahn, United States Magistrate, for further proceedings. Magistrate Bahn conducted evidentiary hearings and has issued his review and recommendation. His conclusions were as follows:
The larger sum was legally seized by the government agents. Furthermore, the government proved that this money was intended to be furnished by claimant Boles in exchange for a controlled substance. The Magistrate therefore recommended that this sum be condemned and forfeited to the government, and that claimant Boles' motion for return and suppression of the property be denied.
As to the smaller sum, the Magistrate found that the property had been illegally seized. The Magistrate also found that the government had shown by independent evidence that the money was intended to be used in an illegal drug transaction. The Magistrate therefore recommended that the money be condemned and forfeited to the government and that Quinlan's motion for return of the money be denied. The Magistrate also recommended that the motion to suppress the use of the smaller sum in any criminal proceeding against Quinlan be granted.
After consideration of the record, the transcripts of the hearings, the Magistrate's Review and Recommendation, claimant Boles' objections thereto, and the government's response to Boles' objections, see United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), this Court finds itself in complete agreement with the Magistrate. His factual conclusions are well supported by the evidence, and the legal conclusions he has drawn therefrom are clearly correct.
This Court writes at this time only to state its complete agreement with the Magistrate's conclusion that the illegal seizure of the smaller sum does not prevent its forfeiture. Though claimant Quinlan strenuously contested this point, the clear weight of authority is supportive of the Magistrate's conclusion. John Bacall Imports, Ltd. v. United States, 412 F.2d 586 (9th Cir. 1969); United States v. $1,058.00 in United States Currency, 323 F.2d 211 (3rd Cir. 1963); Interbartolo v. United States, 303 F.2d 34 (1st Cir. 1963); United States v. One (1) 1971 Harley-Davidson Motor, 508 F.2d 351 (9th Cir. 1974); Mayo v. United States, 413 F.Supp. 160 (E.D.Ill.1976); but, see United States v. $38,394 U. S. Currency, 498 F.Supp. 1325 (N.D.Ill.1980). Since the government proved the elements necessary to support the forfeiture independently of the illegal seizure itself, the illegal seizure does not bar the forfeiture.
This situation is analogous to the well-accepted principle that an illegal arrest does not bar prosecution for a crime. Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886); Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975) ("... illegal arrest or detention does not void a subsequent conviction."). This principle was recently reaffirmed in United States v. Crews, 445 U.S. 463 at 474, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537:
Insofar as respondent challenges his own presence at trial, he cannot claim immunity from prosecution simply because his appearance in court was precipitated by an unlawful arrest. An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction. *722 Likewise, here "the illegality of [the property's] detention cannot deprive the Government of the opportunity to prove [its forfeiture] through the introduction of evidence wholly untainted by the police misconduct." Id.

The Magistrate's recommendations will therefore be accepted and adopted in full.
NOTES
[1] The evidence showed that this sum was actually eighty-six thousand four hundred eighty dollars ($86,480.00).
[2] The evidence showed that this sum was actually two hundred ninety-seven thousand five hundred fifteen dollars ($297,515.00).