**UNITED STATES of America, Plaintiff,**

**v.**

**Walter C. LOESCHE and World Food Center, Inc., Defendants.**

**Court No. 86–03–00370.**

United States Court of International Trade.

July 1, 1988.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Platte B. Moring, III, Washington, D.C., for plaintiff.

King & Spalding, Charles H. Kirbo and Hugh Peterson, Jr., Atlanta, Ga., Sanders, Mottola, Haugen & Mann, Charles Van S. Mottola, Newman, Ga., for defendants.

## MEMORANDUM OPINION

WATSON, Judge:

In this action, the Government is seeking to recover civil penalties for violations of 19 U.S.C. § 1592 with respect to importations of orange juice concentrate. It has moved for partial summary judgment as to one entry, Warehouse Withdrawal For Consumption 83–335827–5. As to that entry, defendants pleaded guilty to a violation of 18 U.S.C. § 1001 in 1985, in the U.S. District Court for the Northern District of Georgia (Criminal No. CR84–385A), and, in addition to criminal penalties, defendants were ordered to make restitution to the Government in the amount of one million dollars under 18 U.S.C. §§ 3579–80.[1]

In its motion for partial summary judgment, the Government contends that all the relevant material facts concerning the importation of that entry of juice concentrate have been established in the criminal action and that, therefore, defendants are estopped from disputing those facts and from denying their civil liability based on these facts under 19 U.S.C. § 1592.

In response, defendants filed a statement pursuant to Rule 56(i) of the Rules of this Court contending that there are genuine issue of material facts which have to be tried. In that statement defendants contend that:

1. The government has not established the entry of merchandise, or the attempt to enter merchandise, into the commerce of the United States, which is a necessary element to establish liability for a violation of 19 U.S.C. § 1592.

2. The testimony of defendant Walter C. Loesche at his deposition raises a material question of fact as to whether there was the requisite intent to defraud.

In addition, defendants contend that the Government is precluded from bringing this action under 19 U.S.C. § 1592, because it has already received restitution in the criminal judgment pursuant to 18 U.S.C. §§ 3579–80. Furthermore, defendants allege that the Government waived its right to bring this action when it chose to prosecute defendants under the catch-all provision of 18 U.S.C. § 1001[2], rather than under the special customs fraud provision of 18 U.S.C. § 542.[3]

---

1. These provisions have been renumbered as sections 3663 and 3664, respectively. *See,* Pub. L. No. 98–473, § 212(a)(1), 98 Stat. 1987.

2. 18 U.S.C. § 1001. Statements or Entries Generally

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

3. 18 U.S.C. § 542. Entry of Goods by Means of False Statements

Whoever enters or introduces, or attempts to enter or introduce into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance, or makes any false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United States shall or may be deprived of any lawful duties; or

Whoever is guilty of any willful act or omission whereby the United States shall or may be deprived of any lawful duties accruing upon merchandise embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or affected by such act or omission—

Shall be fined for each offense not more than $5,000 or imprisoned not more than two years, or both.

Nothing in this section shall be construed to relieve imported merchandise from forfeiture under other provisions of law.

\* \* \* \* \* \*

According to defendants, the civil statute 19 U.S.C. § 1592 was intended by Congress to be used exclusively as a civil counterpart of the criminal article 18 U.S.C. § 542, and not in combination with other statutes. Defendants argue that both statutes (18 U.S.C. § 542 and 19 U.S.C. § 1592) originated from a single legislative act as §§ 591 and 592 of the Tariff Act of 1930, and that 18 U.S.C. § 542 specifically authorizes a separate civil action. In contrast, defendants allege that the catch-all provision of 18 U.S.C. § 1001 does not contain any such authorization and that, instead, it carries more severe penalties. In sum, defendants contend that the criminal judgment which was entered against them in 1985 relieves them of any further civil liabilities.

## DECISION

■ The Court is unable to find any legal support for defendants' theory that the Government is precluded from bringing this civil action. While it is arguable that defendants were hopeful of disposing of the entire matter when they entered into the Plea Agreement with the Government, they failed to negotiate the terms of an agreement to that effect. To the contrary, the Plea Agreement specifically provides that "... by entering this agreement the Government does not forego, relinquish, or in any way reduce any other rights or interest it has to proceed against the defendant civilly or administratively for any claim of damages or penalties as the Government so determines"[4].

■ Similarly, restitution ordered by the criminal judgment does not exhaust the Government's right to pursue additional civil penalties. The statutory scheme and the express language of the Victim and Witness Protection Act (the VWPA), which authorizes the restitution, 18 U.S.C. §§ 3579–80, contemplate a subsequent civil action and specifically direct that the amount of restitution shall be credited against the damages subsequently awarded in such action—

■ Any amount paid to a victim under an order of restitution shall be set off against any amount later recovered as compensatory damages by such victim in—

(A) any Federal civil proceeding;

18 U.S.C. § 3579(e).

Furthermore, section 18 U.S.C. § 3580(e) explicitly provides that—

A conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim.

The Court of Appeals upheld the constitutionality of these provisions and stated that the *res judicata* provision of the VWPA "... merely codifies existing decisions regarding the *res judicata* effect of criminal convictions, *see, e.g., United States v. Frank*, 494 F.2d 145, 160 (2d Cir), *cert. denied*, 419 U.S. 828, 95 S.Ct. 48, 42 L.Ed.2d 52 (1974), a result Congress has achieved in other statutes ..." *United States v. Brown*, 744 F.2d 905, 907 (2d Cir.) *cert. denied*, 469 U.S. 1089, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984).

■ Finally, the Government's choice initially to prosecute defendants under 18 U.S.C. § 1001, rather than under the special customs fraud provision of 18 U.S.C. § 542 is not relevant to the issues now before this court, because neither criminal statute can operate to preclude this civil action. The right to recover civil damages, in addition to the right of criminal recourse, is vested with the Government, and no special authorization to that effect need be contained in the criminal statute.

At the same time, the extent of penalties which were imposed on defendants in the previous criminal action may be considered before rendering an award in this case.

■ The Court grants the Government's motion for partial summary judgment and is not persuaded that there exists any material issue of facts which have to be tried.

**4.** *See,* Plaintiff's Motion for Partial Summary Judgment, Exhibit 3.

Defendants, fully represented by their counsel, had entered into a Plea Agreement, dated March 21, 1985, in which they pleaded guilty to count 247 of the Indictment with regard to the fraudulent statements which they wilfully and knowingly made. The Indictment states the following undisputed material facts:

> "the defendant, Walter C. Loesche ... did knowingly and wilfully make and used [sic] and caused [sic] to be made and used, false writings and documents, then knowing the same to contain materially false, fictitious, and fraudulent statements and entries, that is, the defendant did knowingly prepare, execute and submitted [sic] to the United States Customs Service, Department of the Treasury, Atlanta, Georgia, Custom Forms 7505 (Warehouse Withdrawals for Consumption), reflecting for each of the listed juice concentrate entries into the [Atlanta Foreign Trade Zone "ATFZ"] Zone ... the amount of "MYSO" orange beverage produced within the Zone upon modification, alteration and dilution of the orange juice concentrate; and the duty amount claimed on the "MYSO" orange beverage so produced, as listed below, whereas in truth and in fact as the defendant then and there well knew, the foreign orange juice concentrate had not been so modified, altered and diluted into "MYSO" orange beverage within the Zone ... in violation of Title 18, United States Code, Section 1001.[5]

Defendants admitted these facts by pleading guilty to this count of the Indictment with regard to a single document, Warehouse Withdrawal For Consumption 83–335827–5.

Careful examination of the defendants' statement pursuant to Rule 56(i) of the Rules of this Court reveals that defendants do not really dispute any material facts, but rely mostly on the difference in the elements of 18 U.S.C. § 1001, in violation of which they pleaded guilty, and 19 U.S.C. § 1592, under which this action is brought.

The material facts which were established under more stringent standards of proof applicable to the criminal proceedings and by defendants' own admissions during that proceeding are binding in this action. Defendants had a fair opportunity to fully litigate and contest the issues, but chose to plead guilty with regard to these material facts which constituted a violation of 18 U.S.C. 1001. The Court is satisfied that these material facts, which are not disputed by the parties, also constitute a violation of 19 U.S.C. § 1592. These facts indicate clearly that defendants made certain fraudulent statements wilfully and knowingly, and therefore intentionally,[6] and that such statements were submitted to the United States Customs Service in an attempt to enter the merchandise into the commerce of the United States.

The Court finds that no triable issue of material fact has been raised by defendants in their opposition to plaintiff's partial motion for summary judgment.

For the reasons given above it is hereby

ORDERED that the Government's motion for partial summary judgment is granted, and defendants are held in violation of 19 U.S.C. § 1592 with regard to the Warehouse Withdrawal For Consumption 83–335827–5, the only subject of this summary judgment.

---

5. *See,* Plaintiff's Motion for Partial Summary Judgment, Exhibit 4, page 12.

6. See, *Feuer v. Menkes Feuer, Inc.,* 8 A.D.2d 294, 187 N.Y.S.2d 116 (1959); *U.S. v. Nephrite Jade,* 325 F.Supp. 986 (1970), the fraudulent intent is assumed whenever the individual knowingly and willfully participates in the statutory violation.